IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANTHONY NIKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| SPRINGFIELD PUBLIC SCHOOL DISTRICT #186, JENNIFER GILL, FRANKIE BAKER-BROWN , IOLA JACKSON, and JUDITH JOHNSON, | ) ) ) ) ) | |
| Defendants. | ) | **Jury Trial Demanded** |

## Complaint

Anthony Nika ("Nika") brings this lawsuit against the Defendants, Springfield Public School District # 186 (the "District"), Jennifer Gill ("Gill"), Frankie Baker-Brown ("Baker-Brown"), Iola Jackson ("Jackson"), and Judith Johnson ("Johnson").  In support of his complaint, he states as follows:

**Nature of Claim**

1.	This lawsuit alleges two separate claims that both allege that he was discriminated against because of his race when he was passed over for a job at the District.

2.	Count I of this lawsuit is brought under the Fourteenth Amendment and alleges that he was denied equal protection of the law because of his race.  It is brought pursuant to 42 U.S.C. 1983.

3.	Count II of this lawsuit is brought under the Illinois Human Rights Act, 775 ILCS 5/2-102, and alleges that he was passed over for a job because of his race.

1

**Jurisdiction and Venue**

4. This lawsuit brings claims under both federal law and Illinois law. As to the claim brought under federal law, this Court has jurisdiction because it alleges a federal cause of action. As to the claims brought under Illinois law, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear the claims because it arises under the same set of operative facts.

5. The actions giving rise to this lawsuit occurred in Sangamon County, Illinois, making venue appropriate in this Court.

**Factual Allegations**

6. Nika is an adult citizen of Sangamon County, Illinois. He sought a teaching position as a special education teacher and as a basketball coach with the District at Southeast High School. Nika is Caucasian.

7. Gill is employed by the District as its superintendent. She is named in this lawsuit in her individual capacity and, for the limited purpose of implementing equitable relief, in her official capacity as well.

8. Baker-Brown is, or at least was, employed by the District in its human resources department. She is named in this lawsuit in her individual capacity and, for the limited purpose of implementing equitable relief, in her official capacity as well. She is black.

9. Jackson is, or at least was, employed by the District as an assistant principal at Southeast High School. She is black. She is named in this lawsuit in her individual capacity and, for the limited purpose of implementing equitable relief, in her official capacity as well.

10. Johnson is a member of the District's school board. She is black. She is named in

this lawsuit in her individual capacity and, for the limited purpose of implementing equitable relief, in her official capacity as well.

11. The District is a public school district located in Sangamon County, Illinois.

12. On May 8, 2020, Nika interviewed for a position as a special education teacher at Southeast High School. He was interviewed by Cody Trigg (Southeast High School principal), Matt Lauber (Administrative Intern), LaDonna Lewis (10th Grade Guidance Dean), and Charity Workman (Special Education Department Chair).

13. On May 8, 2020, Nika was offered the special education teacher position of employment with the District.

14. Nika accepted the offer of employment provided that he was also hired as the basketball coach for the Southeast High School girls' basketball team.

15. On May 28, 2020, Nika interviewed for the head coaching position described above. He was interviewed by LaDonna Lewis, Fred DeVoe (Assistant Principal at Southeast), Lawrence Thomas (boys head basketball coach), Chuck Shanklin (substitute teacher at Southeast), Steve Buecker (teacher at Southeast), Larry Hale (former Southeast teacher), Andy Volpert (teacher at Southeast), ReChad Bradley (teacher at Southeast), Jason Wind (District administrator), and Frankie Baker-Brown (Assistant Director of Human Resources at the District).

16. On May 29, 2020, Cody Trigg called Nika and offered him both the coaching and teaching positions he had recently interviewed for at Southeast High School. Nika immediately accepted the offer for both positions.

17. According to Trigg, Nika had been unanimously selected by the selection

committee.

18. Later that same day, Nika was contacted again by Cody Trigg. Trigg informed Nika that the District had withdrawn both of the job offers.

19. After the committee voted to select Nika for the head coaching position five individuals contacted Gill to complain about the selection. Those individuals were: Baker-Brown, Jackson, Johnson, Elbert Betts, and Teresa Haley.

20. All of the individuals who called Gill to complain about Nika's selection were black and several were actively involved in the NAACP.

21. The concern that those individuals had regarding Nika had nothing to do with his teaching abilities or his abilities as a coach. Rather, they all believed that the Southeast girls basketball team should be coached by a black coach.

22. Nika was well qualified for both positions described above.

23. The only reason that Nika was not ultimately hired for the positions described above was because of his race.

24. Nika has sustained damages as a result of his being denied employment with the District. These damages include both economic and non-economic harm.

25. On October 7, 2020, Nika filed a complaint of race discrimination with the both the Illinois Department of Human Rights and the EEOC alleging that he had been discriminated against by the District on account of his race.

26. On December 22, 2020, Nika received a notice from the Illinois Department of Human Rights advising him that he could file a lawsuit stemming from his charge of discrimination. He was afforded 95 days in which to file a lawsuit against the District.

27.     As a result of the foregoing Nika has sustained damages.  These damages include lost wages, lost benefits, damage to reputation, and emotional damages.

### Count I
*Equal Protection as to Gill, Baker-Brown, Jackson and Johnson*

28.     Paragraphs 1-27 are incorporated herein.

29.     Gill, Baker-Brown, Jackson, and Johnson violated Nika's right to equal protection of the law under the Fourteenth Amendment when they passed him over for the positions described above because of his race.

Wherefore, Nika respectfully requests that this Court enter judgment in his favor and against Gill, Baker-Brown, Jackson, and Johnson, and provide for the following relief:

A.     An award of damages for the income that he has lost and is likely to lose in the future.

B.     An award of non-economic damages.

C.     An award of fees and costs.

D.     Equitable relief to the extent that it is appropriate.

E.     An award of punitive damages.

F.     Any other remedy that is appropriate.

### Count II
*Race Discrimination under the Illinois Human Rights Act as to the District*

30.     Paragraphs 1-27 are incorporated herein.

31.     The District discriminated against Nika in violation of his rights under the Illinois Human Rights Act because of his race when it passed him over for the positions of employment described above.

Wherefore, Nika respectfully requests that this Court enter judgment in his favor and against the District and provide for the following relief:

    A.    An award of damages for the income that he has lost and is likely to lose in the future.

    B.    An award of non-economic damages.

    C.    An award of fees and costs.

    D.    Equitable relief to the extent that it is appropriate.

    E.    Any other remedy that is appropriate.

**Plaintiff Demands a Jury Trial for all Counts**

Anthony Nika
By: /s/ *John A. Baker*
His Attorney

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone:     (217) 522-3445
Facsimile:     (217) 522-8234
Email:         jab@bbklegal.com